RONALD E. GARWOOD, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2530-73.   Filed August 28, 1974.

Ronald E. Garwood, pro se.

*Thomas R. Ascher*, for the respondent.

SIMPSON, *Judge:* The respondent determined a deficiency of $254 in the Federal income tax of the petitioner for the year 1970. The only issue for decision is whether the expenses incurred by a substitute teacher in obtaining a bachelor of arts degree are deductible under

section 162 of the Internal Revenue Code of 1954[1] as ordinary and necessary business expenses.

FINDINGS OF FACT

Some of the facts have been stipulated, and those facts are so found.

The petitioner, Ronald E. Garwood, was a resident of Detroit, Mich., at the time his petition was filed in this case. He filed an individual Federal income tax return for 1970.

During the year 1970, the petitioner was a student in the liberal arts college of Wayne State University. The courses taken by him during that year included classical Greek, 18th century literature, money and banking, classicism, literature, civilization, and phonetics. His major course of study was the French language. In December 1970, the petitioner received a bachelor of arts degree, and upon his graduation, the petitioner was qualified to pursue opportunities available to a person with knowledge of a foreign language.

The petitioner possessed a substitute teacher permit and was employed as a substitute teacher in 1970 by the Detroit Board of Education. From January to May of that year, he taught at an elementary school; and from September through December, he taught English at a high school. He did not teach after February 1971.

In pertinent part, the rules governing the certification of Michigan teachers promulgated by the Michigan Department of Education provided that, until September 1, 1970, an applicant for a substitute permit must have 60 semester hours of satisfactory college credit, and that after that date, 90 semester hours of satisfactory college credit were required of such applicant. The substitute permit was valid for a maximum of 90 days during any semester for a person with a minimum of 90 semester hours. With respect to the renewal of a substitute permit, Michigan Department of Education rules provided:

For a person with 90 but less than 120 semester hours of college credit who does not teach more than 180 days during any school year, the substitute permit is renewable the following year upon recommendation of the superintendent of schools and upon presentation of evidence that the applicant is participating in a planned program approved by the sponsoring institution and that the applicant has completed 10 semester hours of satisfactory credit during the preceding 12 months.

For a person with 120 or more semester hours of college credit, the substitute permit is renewable the following year.

In his return for the year 1970, the petitioner claimed a deduction for tuition and books in the amount of $864. In his notice of deficiency, the respondent disallowed such deduction.

---

[1] All statutory references are to the Internal Revenue Code of 1954.

The petitioner contends that in 1970, he was in the trade or business of being a substitute teacher. He argues that the education at issue maintained or improved his skills as a substitute teacher and that such education also met the requirements of his employer as set forth in the regulations of the Michigan Department of Education for retention of his position as a substitute teacher. Thus, he contends that he is entitled to the deduction.

Section 162 allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Although such section does not explicitly deal with expenditures for education, section 1.162–5 of the Income Tax Regulations provides objective tests for determining whether such expenditures are deductible. *Morton S. Taubman*, 60 T.C. 814 (1973) ; *David N. Bodley*, 56 T.C. 1357 (1971) ; *Jeffry L. Weiler*, 54 T.C. 398 (1970). In pertinent part, the regulations provide:

Sec. 1.162–5 Expenses for education.

(a) *General rule.* Expenditures made by an individual for education * * * which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education—

(1) Maintains or improves skills required by the individual in his employment or other trade or business, or

(2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation.

(b) *Nondeductible educational expenditures*—(1) *In general.* Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations.

(2) *Minimum educational requirements.* (i) The first category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is required of him in order to meet the minimum educational requirements for qualification in his employment or other trade or business. The minimum education necessary to qualify for a position or other trade or business must be determined from a consideration of such factors as the requirements of the employer, the applicable law and regulations, and the standards of the profession, trade, or business involved. The fact that an individual is already performing service in an employment status does not establish that he has met the minimum educational requirements for qualification in that employment. * * *

\*          \*          \*          \*          \*          \*          \*

(3) *Qualification for new trade or business.* (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. For this purpose, all teaching and related duties shall be considered to involve the same general type of work. * * *

The thrust of the regulations is to distinguish between educational expenses that are ordinary and necessary expenses of a trade or business and those that are personal and capital expenditures. *Ronald F. Weiszmann*, 52 T.C. 1106, 1111 (1969), affirmed per curiam 443 F. 2d 29 (C.A. 9, 1971). In *Arthur M. Jungreis*, 55 T.C. 581, 591 (1970), we stated:

They [the regulations] recognize that the expense for education which qualifies an individual for his intended trade or business or profession is so inherently personal and capital in nature that it is not a deductible expense *even though* it maintains or improves the skills required by the individual in his employment and *even though* it meets the express requirements of the individual's employer. In other words, such an educational expense is nondeductible *even though* there exists a legitimate business purpose for incurring such expense. It is essential to recognize the balance which must be maintained between section 162 on the one hand and sections 262 and 263 on the other hand in deciding the deductibility of educational expenses. Cf. *Carroll* v. *Commissioner*, 418 F. 2d 91 (C.A. 7, 1969), affirming 51 T.C. 213 (1968). [Emphasis in original.]

We have considered the arguments of the parties and have given careful consideration to the evidence in the record. In light of the objective test of the regulations, we hold that the petitioner is not entitled to a deduction for the expenditures in issue; such expenditures constituted an inseparable aggregate of personal and capital expenditures and are not deductible by virtue of sections 262 and 263 and section 1.162-5(b)(1) of the Income Tax Regulations.

The relationship between the petitioner's studies in 1970 and his teaching was not direct and substantial. Yet, even if we accept his argument and assume that such education did improve his skills as a teacher, and even though such education did meet the requirements of the regulations of the Michigan Department of Education, he had not met the minimum requirements for securing a permanent position as a teacher. Such regulations provided that a substitute permit was valid for 90 days per semester for an individual, such as the petitioner, with 90 semester hours of credit. For the permit to be renewed, such individual was required in part to have completed 10 semester hours within 12 months preceding the renewal. On the other hand, the permit was renewable for a person with 120 semester hours of college credit without such additional semester hours. In substance, the petitioner's

position was temporary. He could only continue as a substitute if he successfully pursued a program of study that would lead to the successful completion of 120 hours of college credit. Upon successful completion of 120 hours of college credit, there were no longer preconditions for the renewal of the permit. In these circumstances, it appears that, even though the petitioner was employed as a substitute teacher, the minimum educational requirement which had to be met in order to remain in that position indefinitely was the successful completion of 120 hours of college credit. Sec. 1.162–5(b)(2)(i), Income Tax Regs. The petitioner has not alleged that, at the time he was a substitute teacher, he had already met such requirement, and in light of the fact that he received his bachelor of arts degree in December 1970, it seems clear that he had not. Cf. sec. 1.162–5(b)(2)(iii) ex. (2), Income Tax Regs.; *Arthur M. Jungreis, supra.*

Moreover, the record clearly supports the conclusion that the education which gave rise to the expense in issue qualified the petitioner for a new trade or business. The petitioner was enrolled in a French language program at Wayne State University. None of the courses which gave rise to the expense in issue was in the field of education. At the conclusion of his program of study, the petitioner was qualified to pursue opportunities available to a person with knowledge of a foreign language. Although he denied having definite plans as to future employment, he admitted at trial that a number of employment opportunities were available to him as a result of the skills he developed in the course of his studies. For example, one opportunity was as an interpreter for an airline. The expense was personal.

The facts of this case are distinguishable from those in *John C. Ford,* 56 T.C. 1300 (1971), affd. 487 F. 2d 1025 (C.A. 9, 1973), in which we found that an individual had become established in the trade or business of being a teacher and allowed a deduction for his continued educational expenses. In that case, the teacher had secured his bachelor of arts degree, had completed the minimum educational requirements for securing a certificate, and continued in the teaching profession. Here, the petitioner had not, in 1970, met those minimum requirements, and none of his conduct evidenced any intention to remain permanently in the teaching profession.

In arguing that his educational expenses were deductible because they maintained his skills as a teacher or met the requirements of his employer, the petitioner apparently relied upon an information release of the Internal Revenue Service and read a provision of the regulations out of context. We have quoted extensively from the regulations to make clear that educational expenses are not deductible when the education enables the individual to qualify for a new trade or

704

business, even though it may also assist him in his present employment. Such rule has also been followed by the courts. *Arthur M. Jungreis*, 55 T.C. 581 (1970) ; *Ronald F. Weiszmann*, 52 T.C. 1106 (1969). In 1970, the petitioner was going to school and was working, but an examination of the facts convinces us that he "worked because he studied" and did not "study because he worked." *Arthur M. Jungreis, supra* at 593.

*Decision will be entered for the respondent.*