IAN STUART and MARIA STUART, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stuart v. Commissioner
Docket No. 7224-77
United States Tax Court
T.C. Memo 1981-367; 1981 Tax Ct. Memo LEXIS 377; 42 T.C.M. (CCH) 405; T.C.M. (RIA) 81367; July 15, 1981. *377 P was employed by an attorney as an office manager-investigator-paralegal. A condition of such employment was that P obtain both an undergraduate degree and a law degree. During 1975, P completed his undergraduate studies and began attending law school. Ps claimed a deduction for P's educational expenditures and for his related transportation expenses. Held, P's expenditures in obtaining an undergraduate degree were incurred in order for him to meet the minimum educational requirements of his employment, and P's expenditures in attending law school were part of a program of study which would lead to qualifying him in a new trade or business. Therefore, all such expenditures are nondeductible personal expenses. Sec. 1.162-5, Income Tax Regs.Held, further, since P's educational expenditures are not deductible, his related transportation expenses are also nondeductible personal expenses. Ian Stuart, pro se. Michael S. Adelman, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $ 508.44 in the petitioners' Federal income tax for 1975. After a concession at trial by the petitioners, the sole issue for decision *378 is whether the petitioners are entitled to a deduction for educational expenses and related travel expenses incurred by Mr. Stuart in 1975. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Ian and Maria Stuart, husband and wife, resided in Marlton, N.J., at the time they filed their petition in this case. They filed their joint Federal income tax return for 1975 with the Internal Revenue Service. During 1975, Mr. Stuart was employed by Nicholas A. Lacovara, an attorney who practiced in Williamstown, N.J. Mr. Stuart had been employed by Mr. Lacovara from 1964 until 1969 and from 1971 through 1975. During the period of such employment, Mr. Stuart's duties were those of office manager-investigator-paralegal. During such period, Mr. Stuart did not engage in the practice of law. In approximately 1967, Mr. Stuart decided to obtain an undergraduate degree. He enrolled in what he considered to be a pre-law program at Rutgers University (Rutgers), majoring in history. During 1975, Mr. Stuart took courses at Rutgers in political science and social science or English. In May 1975, Mr. Stuart received a Bachelor of Arts degree from *379 Rutgers. Upon graduation from Rutgers, Mr. Stuart began attending Temple University Law School (Temple), where he was enrolled in a program of study leading to the degree of Juris Doctor. Mr. Stuart's employment with Mr. Lacovara was conditioned upon the continuation of his education--first of his undergraduate education and then of his law school studies. In fact, his employment with Mr. Lacovara was terminated in 1969 because Mr. Stuart had interrupted his undergraduate education, and such employment was resumed in 1971 on the condition that Mr. Stuart resume such course of study. In May 1976, because of a conflict with his law school studies, Mr. Stuart left Mr. Lacovara's employ and obtained employment with the Kemper Insurance Company (Kemper) as a claims adjuster. Upon his graduation from law school and his admission to the Pennsylvania bar, Mr. Stuart's job title and function with Kemper changed from that of a claims adjuster to that of an attorney with Kemper's house counsel. At the time of trial, Mr. Stuart's application for admission to the practice of law was pending in the State of New Jersey. On their 1975 return, the petitioners claimed an employee business expense *380 deduction of $ 6,084.44. In his notice of deficiency, the Commissioner disallowed $ 2,601.24 of such deduction, composed of the following items: Book and tuition necessary to maintain
present employment
$ 1,967.94
Mileage for business
308.30
Entertainment and promotion
325.00
The amount disallowed by the Commissioner for "Book and tuition necessary to maintain present employment" represents Mr. Stuart's expenditures during 1975 for tuition, books, and test and application fees at Rutgers and Temple. The amount disallowed by the Commissioner for "mileage for business" represents Mr. Stuart's transportation costs during 1975 in traveling to and from Rutgers and Temple in pursuit of his course of study at such institutions. At trial, the petitioners conceded the Commissioner's disallowance of their claimed deduction for "Entertainment and promotion." OPINION Section 162 of the Internal Revenue Code of 1954[1] *382 allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Although such section does not explicitly deal with expenditures for education, section 1.162-5 of the Income Tax Regulations provides objective criteria *381 for determining whether such expenditures are deductible. Garwood v. Commissioner, 62 T.C. 699, 701 (1974); Taubman v. Commissioner, 60 T.C. 814, 817 (1973); Bodley v. Commissioner, 56 T.C. 1357, 1360 (1971). Such regulations provide, as a general rule, that expenditures for education which maintain or improve skills required by the taxpayer in his employment or which meet the express requirement of his employer are deductible. Sec. 1.162-5(a), Income Tax Regs. However, such regulations further provide that if the expenditures are for education which is "required of him in order to meet the minimum educational requirements for qualification in his employment" or which is "part of a program of study being pursued by him which will lead to qualifying him in a new trade or business," such expenditures are not deductible under section 162, even if the education maintains or improves the taxpayer's employment skills or meets the express requirements of his employer. Sec. 1.162-5(b)(1), (2), and (3), Income Tax Regs.; see secs. 1.162-5(b)(2)(iii) ex. (3), 1.162-5(b)(3)(ii) ex. (2), Income Tax Regs. The Commissioner contends that Mr. Stuart's expenditures in attending Rutgers and Temple were part of a program of study which would, and in fact did, lead to qualifying him in a new trade or business and that such expenditures were required of him by his employer in order to meet the minimum educational requirements for qualification in his employment. The petitioners agree that such expenditures were required by Mr. Stuart's employer, but they argue that the courses he took at Rutgers and Temple helped to maintain and improve his employment skills. They also recognize that under the regulations such expenditures are not deductible since they were part of a program of study which led to qualifying Mr. Stuart for a new trade or business. However, the petitioners argue that the regulations' objective criteria are an arbitrary and capricious exercise of the Commissioner's rule making power for two reasons: First, because a taxpayer is denied a deduction for educational expenses which are part of a program which will lead to him qualifying for a new trade or business irrespective of whether he completes *383 such program and actually enters a new trade or business; and second, because the regulations discriminate in favor of teachers by denying them a deduction for educational expenses which qualify them for a new trade or business, including that of being a lawyer, only if they actually pursue such new trade or business. We have previously sustained section 1.162-5 of the regulations as a valid exercise of the Commissioner's rulemaking power. See Davis v. Commissioner, 65 T.C. 1014, 1017 (1976); O'Donnell v. Commissioner, 62 T.C. 781, 783 (1974), affd. without pub. opinion 519 F. 2d 1406 (7th Cir. 1975); Bodley v. Commissionr, supra at 1361; Jungreis v. Commissioner, 55 T.C. 581, 588 n. 6 (1970); Weiler v. Commissioner, 54 T.C. 398, 403 (1970); Weiszmann v. Commissioner, 52 T.C. 1106, 1111-1112 (1969), affd. per curiam 443 F. 2d 29 (9th Cir. 1971). We see no reason to depart from such decisions. The petitioners' arguments are, in part, based on a misconstruction of the language of section 1.162-5(b)(3) of the regulations.[2] *385 Such language does appear to favor teachers (see Ford v. Commissioner, 56 T.C. 1300, 1312 (1971), Tannenwald, J. dissenting, affd. per curiam 487 F. 2d 1025 (9th Cir. 1973)), *384 by providing, in the case of a teacher, broader criteria for determining what is the same general type of work. However, broad as such criteria may be, they do not allow a teacher to deduct the cost of obtaining a law degree even if the teacher does not intend to practice law. See Bodley v. Commissioner, supra; Bradley v. Commissioner, 54 T.C. 216 (1970); Ruddy v. Commissioner, T.C. Memo. 1971-316, affd. without pub. opinion 474 F. 2d 1342 (4th Cir. 1973). [3] What is more, since Mr. Stuart did in fact qualify as a lawyer and is now engaged in the practice of law, he is in no position to challenge the manner in which the regulations treat taxpayers who do not pursue the new trade or business for which they have qualified. He is not injured by those provisions, and his case must be judged by applying the law to the facts, and not by how other taxpayers may be treated. See Davis v. Commissioner, supra. Mr. Stuart's expenditures in attending Temple come squarely within the scope of section 1.162-5(b)(3) of the regulations. Although such expenditures were required by his employer and undoubtedly helped to maintain and improve his employment skills, his attendance at Temple was also part of a program of study which would lead and, in fact, did lead, to qualifying him for a new trade or business, that of being a lawyer. The fact that during 1975 Mr. Stuart may have been performing tasks which might have been performed by a lawyer does not make his expenditures for law school deductible. Grover v. Commissioner, 68 T.C. 598, 602 (1977). The petitioners argue that Mr. Stuart's attendance at Temple did not qualify him for a new trade or business, since he also had to pass a bar examination before he would be able to practice law. However, the regulations *386 do not impose the requirement that a program of study actually satisfy every prerequisite for qualification in a new trade or business; such a program must only lead to such qualification. Diaz v. Commissioner, 70 T.C. 1067, 1076 (1978), affd. without pub. opinion 607 F. 2d 995 (2d Cir. 1979). [4]
Mr. Stuart's expenditures in attending Rutgers were also required by his employer, and the courses he took at Rutgers may have helped to maintain or improve his employment skills. However, such expenditures were for education which was required of him to meet the minimum educational requirements for qualification in his employment and, therefore, are not deductible under section 162. Sec. 1.162-5(b)(2), Income Tax Regs.
One of the factors to be considered in determining whether an expenditure is for education which meets the minimum requirements of the taxpayer's employment are the requirements of the taxpayer's employer. Sec. 1.162-5(b)(2)(i), Income Tax Regs. Mr. Stuart's employment with Mr. Lacovara was conditioned on his completing his undergraduate education. In fact, such employment was terminated in 1969 because he had interrupted his *387 undergraduate studies. On brief, the petitioners concede that had Mr. Stuart not completed his studies at Rutgers he would have been fired. As such, it is clear that the obtaining of an undergraduate degree was a minimum educational requirement for Mr. Stuart's continuing his employment with Mr. Lacovara. See Diaz v. Commissioner, supra; Davis v. Commissioner, supra; Garwood v. Commissioner, supra.That Mr. Stuart was already employed by Mr. Lacovara does not alter such result. The performing of employment services does not establish that the taxpayer has met the minimum educational requirements for qualification in his employment. Sec. 1.162-5(b)(2)(i), Income Tax Regs.; see sec. 1.162-5(b)(2)(iii) ex. 3, Income Tax Regs.; Diaz v. Commissioner, supra; Jungreis v. Commissioner, supra.
As we find that Mr. Stuart's expenditures in attending Rutgers and Temple are nondeductible personal expenses within the meaning of section 262 (sec. 1.262-1(b)(9), Income Tax Regs.), his expenses in traveling to and from such institutions are likewise nondeductible. See Reisinger v. Commissioner, 71 T.C. 568, 577 (1979); Carlucci v. Commissioner, 37 T.C. 695, 702 (1962). [5]
Decision *388 will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1975.
2. "In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. For this purpose, all teaching and related duties shall be considered to involve the same general type of work." Sec. 1.162-5(b)(3), Income Tax Regs.↩
3. See also Reilly v. Commissioner, T.C. Memo. 1979-253; Ardavany v. Commissioner, T.C. Memo. 1979-127; Reed v. Commissioner, T.C. Memo. 1978-364; Bouchard v. Commissioner, T.C. Memo. 1977-273; Wright v. Commissioner, T.C. Memo. 1973-8; Curtin v. Commissioner, T.C↩. Memo. 1972-24.
4. See Rehe v. Commissioner, T.C. Memo. 1980-316↩.
5. See also Reilly v. Commissioner, T.C. Memo. 1979-253↩.