DAVID BARBOZA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barboza v. Commissioner
Docket Nos. 6924-90, 18585-90
United States Tax Court
T.C. Memo 1991-379; 1991 Tax Ct. Memo LEXIS 444; 62 T.C.M. (CCH) 417; T.C.M. (RIA) 91379; August 12, 1991, Filed *444 Decisions will be entered under Rule 155. David Barboza, pro se. Kathryn Vetter, for the respondent. GUSSIS, Special Trial Judge. GUSSIS
MEMORANDUM OPINION These cases were assigned pursuant to section 7443A(b) and Rule 180 et seq. [1]
Respondent determined deficiencies in petitioners' Federal income taxes for the years 1986, 1987, and 1988 in the respective amounts of $ 953, $ 420 and $ 686. The issue in these consolidated cases is whether certain educational expenses incurred by petitioner during the years at issue are deductible under section 162(a). Some of the facts were stipulated and they are so found. Petitioner was a resident of Modesto, California, at the time the petitions herein were filed. During the taxable years at issue, petitioner was employed as a firefighter in Tracy, California. He was promoted *445 to lieutenant on or about June 16, 1987, and he was reclassified as captain on or about March 1, 1990. During the years at issue, petitioner was also employed by 911 Emergency Services as a paramedic and by 65 South County Community College. During the years at issue petitioner was also a partner in the partnership Emergency Medical Training. During 1987 and 1988 petitioner was also employed by San Joaquin Delta College. Petitioner obtained an Associate of Arts degree in Fire Service in 1979. During the years 1986 and 1987 he was enrolled in a degree program of study at the College of Professional Studies at the University of San Francisco. He received a bachelor of science degree in organizational behavior in 1988. In 1988 petitioner took courses at California State University and also purportedly incurred other miscellaneous education expenses. Petitioner claimed educational expense deductions in 1986, 1987, and 1988 in the respective amounts of $ 5,577, $ 1,478, and $ 2,415 which were disallowed by respondent. With respect to 1988, respondent conceded that petitioner is entitled to deductions for the following amounts: California Rescue Paramedic Assoc.
$ 168
California Conference Assoc.
60
California Fire Chief Assoc.
69
*446 Respondent also concedes that petitioner is entitled to a mileage expense deduction of $ 133 with respect to his partnership business in 1988. Section 162(a) allows a deduction for ordinary and necessary business expenses incurred in carrying on any trade or business. Section 1.162-5, Income Tax Regs., focuses upon the criteria for deductible education business expenses. To qualify for the deduction, education expenses must either maintain or improve skills required by the taxpayer in his employment or other trade of business, or meets the express requirements of the taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to retention of an established employment relationship. Sec. 1.162-5(a), Income Tax Regs. However, even if the expenditures satisfy either of the above requirements delineated in the regulations, the expenditures are nevertheless nondeductible if the education either enables the taxpayer to meet the minimum educational requirements for qualification in a taxpayer's employment or other trade of business or qualifies the taxpayer for a new trade or business. Garwood v. Commissioner, 62 T.C. 699 (1974); *447 Sec. 1.162-5(b), Income Tax Regs.
Since 1980 petitioner has been employed as a firefighter and, during the years at issue, he has also worked as a paramedic. In addition, petitioner has been a partner in a partnership which markets training in basic life support methods and emergency medical skills. His studies at the University of San Francisco led to a bachelor of science degree in 1988 in organizational behavior. We have considered the numerous courses included in this degree program together with the course description contained in the university literature, and we are persuaded that they qualify petitioner for any number of new trade or business pursuits. The application of the organizational and management skills stressing leadership, communications, and effective techniques for facilitating employee relationships and group dynamics to new business undertakings is readily apparent. See Malek v. Commissioner, T.C. Memo 1985-428. Where the course of studies qualifies a taxpayer for a new trade or business, the education expenses are nondeductible even though the taxpayer does not intend to enter the new field of endeavor. Bodley v. Commissioner, 56 T.C. 1357, 1360 (1971). *448 Generally, if the education qualifies the taxpayer to perform activities significantly different from the activities taxpayer could previously perform, then the education qualifies him for a new trade or business. Browne v. Commissioner, 73 T.C. 723, 726 (1980); Diaz v. Commissioner, 70 T.C. 1067, 1074 (1978), affd. without published opinion, 607 F.2d 995 (2d. Cir. 1979). It is manifest on this record that the degree program in organizational behavior qualified petitioner to perform activities significantly different from his duties as a firefighter and his other activities as a paramedic and his activities in providing training in emergency medical skills and life support methods. His duties as a firefighter (and later as a lieutenant in the fire department) as well as his duties and responsibilities as a paramedic are fully detailed in the record. Similarly, the scope of the wide array of courses studied in the organizational behavior degree program are detailed in the university literature in evidence. It is fairly evident on this record, and we so conclude, that the education expenses incurred by petitioner at the University *449 of San Francisco were part of a degree program of study which qualified petitioner for a new trade in business. We have considered the cases cited by petitioner and find them factually distinguishable. We conclude that the expenditures incurred by petitioner at the University of San Francisco are not deductible. Respondent is sustained. Petitioner also claimed educational expense deductions for two courses, a general introduction to physics and a basic algebra class at California State University in 1988. We are unable to find on this record that such courses maintained or improved skills required in petitioner's employment as a firefighter or in his other ventures. Nor does the record support a finding that the algebra and physics studies met the express requirements of petitioner's employer. Petitioner's testimony as to the connection between these courses and his duties as a firefighter was extremely general and conclusory in nature. To qualify the expenses as deductions under section 162(a), there must be a showing that the education expense bears a direct and proximate relationship, not merely a tenuous relationship, to the skills required in petitioner's employment. *450 Carroll v. Commissioner, 51 T.C. 213 (1968), affd. 418 F.2d 91 (7th Cir. 1969). Petitioner has failed to establish the requisite direct relationship. It may well be that the education courses broadened petitioner's general understanding and contributed to his cultural enrichment. However, this alone does not suffice. We must conclude on this record that petitioner has not established that the expenses had the necessary proximate relationship to his employment or to his other activities. We therefore hold that petitioner is not entitled to a deduction for the education expenses incurred at California State University. Respondent is sustained. Decisions will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩