MICHAEL W. BURT and JENNIFER S. BURT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burt v. Commissioner
Docket No. 6621-78.
United States Tax Court
T.C. Memo 1980-363; 1980 Tax Ct. Memo LEXIS 221; 40 T.C.M. (CCH) 1164; T.C.M. (RIA) 80363; September 9, 1980, Filed Michael W. Burt, pro se. Gerald W. Hartley, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1975 in the amount of $432.25. The only issue for decision is whether educational and related travel expenses incurred by Michael W. Burt are deductible as ordinary and necessary business expenses. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, Michael W. and Jennifer S. Burt, husband and wife, who resided in Laurel, Mississippi, at the time of filing *222 their petitioner in this case, filed a joint Federal income tax return for the calendar year 1975 with the Internal Revenue Service Center in Chamblee, Georgia. Mr. Michael W. Burt (petitioner) studied the trumpet while in high school. Upon graduation from high school he entered the United States Marine Corps. During his service in the Marine Corps he was a trumpet player in the Marine Band. Upon his discharge from the Marines in 1972, petitioner enrolled in Copiah-Lincoln Junior College in Wesson, Mississippi. Petitioner took the basic curriculum of the freshman year during his first year at Copiah-Lincoln Junior College and in addition took some music courses. His courses at Copiah-Lincoln Junior College were not courses leading to an Associates of Arts degree but were the courses required for the first two years for a student working toward a Bachelor's degree. Petitioner attended Copiah-Lincoln Junior College for one and one-half years and during this time he lived in Brookhaven, Mississippi. Soon after moving to Brookhaven, petitioner took a position as the Minister of Music at the Easthaven Baptist Church. At that time petitioner was also the assistant band director *223 at Wesson Elementary School in Wesson, Mississippi. The band director was petitioner's band director at Copiah-Lincoln Junior College, and petitioner was not required to and did not obtain a certificate from the State of Mississippi to hold the position of assistant band director. While attending Copiah-Lincoln Junior College and acting as the Minister of Music at the Easthaven Baptist Church, petitioner became the band director and band teacher in a private school, the Brookhaven Academy in Brookhaven, Mississippi. Brookhaven Academy was a new private school, and petitioner was not required to have a college degree or to obtain a teaching certificate from the State of Mississippi. He held his position at the Brookhaven Academy for two years until he left his position at Easthaven Baptist Church in the summer of 1974. After one and one-half years at Copiah-Lincoln Junior College, petitioner took one course in psychology at the extension department of the University of Mississippi in Jackson, Mississippi. In June 1974 petitioners moved to Ellisville, Mississippi, where petitioner became employed as the Minister of Music by the First Baptist Church of ellisville. The church *224 did not require petitioner to have a degree in Music as a condition of his employment.Petitioner's employer did not require petitioner to continue his studies to retain his employment but did consent to his continuing his studies. In the fall of 1974, petitioner, with the consent of his employer, enrolled as a candidate for a Bachelor of Music degree at the University of Southern Mississippi in Hattiesburg, Mississippi. Petitioner's position as a Minister of Music was a full-time position, but because part of his duties, such as choir classes, were performed in the evening and part during the day and on Sunday, he was able to and did take some of his courses in classes which met during the day and some which met in the evening. The classes in which he enrolled were those necessary to obtain a Bachelor of Music (B.M.) degree. Petitioner received his B.M. degree in Applied Music with a major in trumpet in May 1976. During the spring quarter of 1976 before receiving his B.M. degree, petitioner was admitted to the University of Southern Mississippi Masters program. At the time of trial of this case, petitioner lacked only one paper for completing the requirements for that Masters *225 degree in music. Petitioner completed 63 semester hours of work at Copiah-Lincoln Junior College. In the fall of his first year at the University of Southern Mississippi (September 1974 to June 1975) he took courses in physical science and biological science as well as courses in music including four courses in the summer and fall of 1975, one course in the winter quarter of 1975-76, and one course in the spring of 1976 in music education. [2] *226 After receiving his B.M. degree in 1976, petitioner could have obtained a one-year teaching permit from the Mississippi State Department of Education, qualifying him to teach music in grades 1 through 12, subject to the one additional requirement that he take the National Teachers Examination and score a minimum of 850 (of a top possible score of 1900). Petitioner's one-year teaching permit could have been renewed on a year-to-year basis, subject to the requirement that he take six semester hours or eight quarter hourse of education courses per year. After petitioner had completed the required education courses, he would have received a regular five-year teaching certificate. Petitioner, however, did not attempt to qualify for a Bachelor of Music Education degree and has never attempted to be certified as a teacher in Mississippi. To earn a Bachelor of Music Education degree at the University of Southern Mississippi, petitioner would have been required to take many more courses in Music Education than he did take. Petitioner was of the opinion that with his B.M. degree he could teach and direct the band at a junior *227 college with the understanding that he complete his Masters degree in Music within two years and that with the Masters degree he could teach at a four-year institution. Eventually petitioner hopes to obtain his doctorate degree in Music. However, it is not and never has been petitioner's personal goal to teach music at the college level. Although larger churches generally prefer that their Minister of Music have a degree in Music, it is not a requirement of most such positions. A minister of Music has religious responsibilities, as well as musical ones. He teaches music to the members of the various church choirs as part of his duties but also assists in the conduct of Bible study classes and participates in youth retreats. [3] The responsibilities of the Minister of Music and the time required to perform the duties of the position is greater in a church with a large congregation than in a church with a small congregation. In 1976 petitioner became the Minister of Music at the First Baptist Church of Purvis, Mississippi, and later of the First Baptist Church of Laurel, *228 Mississippi.The First Baptist Church of Laurel has a larger congregation than any of the other churches served by petitioner, and petitioner's duties at that church are more extensive than were his duties in his previous employment. On their Federal income tax return for the calendar year 1975, petitioners deducted $600 as education expenses at the University of Southern Mississippi and $2,183 as travel expense, of which the amount of $1,903.80 was in connection with petitioner's education at the University of Southern Mississippi. In his notice of deficiency to petitioners, respondent disallowed the claimed $600 educational expense deduction and $1,903.80 of the claimed travel expense deduction with the following explanation: (a) The deduction of $2,183.00 claimed for travel expense is not allowed to the extent of $1,903.80 because it has not been established that any amount in excess of $279.20 constitutes an ordinary and necessary business expense or was expended for the purpose designated. Taxable income is increased by the amount of $1,903.80. (b) The amount of $600.00 claimed as a miscellaneous itemized deduction for education expense is not allowed because it has *229 not been established that such amount constitutes an ordinary and necessary business expense or was expended for the purpose designated. Taxable income is increased by the amount of $600.00. At the trial counsel for respondent stated that respondent no longer questioned the fact that petitioner spent $600 for taking the courses he took at the Univesity of Southern Mississippi in 1975 or that he incurred $1,903.80 as necessary travel expense to attend his classes at the University of Southern Mississippi. The only issue is whether these expenditures are properly deductible. OPINION Section 162, I.R.C. 1954, [4] provides for a deduction by a taxpayer of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 262 provides that except as otherwise expressly provided in the law, no deduction shall be allowed for personal, living, or family expenses. Usually, a general college education leading to a Bachelor's degree undertaken by an individual is a personal expense which is nondeductible under section *230 262 in computing Federal income taxes. See Carroll v. Commissioner,51 T.C. 213, 216 (1968), affd. 418 F.2d 91 (7th Cir. 1969). However, the expense of certain education is deductible as an ordinary and necessary business expense. Section 1.162-5, Income Tax Regs., states that except as otherwise provided therein amounts expended by an individual for education which maintains or improves the skills required by such individual in his employment or other trade or business or meets the express requirements of an individual's employer imposed as a condition to the retention of his employment are deductible as business expenses. The exceptions are for expenditures for education which is required for an individual to meet the minimum educational requirements of his employment or other trade or business or education which qualifies the individual for a new trade or business. [5]
*231 Respondent in his brief relies on our holding in Toner v. Commissioner,71 T.C. 772 (1979), reversed     F.2d     (3d Cir., June 16, 1980). In the Toner case the taxpayer taught in a Catholic school which did not require a college degree for elementary school teachers. To continue to teach in the Catholic school, the taxpayer was required by the school to take six college credits a year. While teaching in the parochial school, the taxpayer pursued a course leading to her Bachelor's degree which enabled her to obtain a teacher's certificate for teaching in the public schools of Pennsylvania. In that case we concluded that even though the taxpayer did not intend to become a public school teacher and in fact did not become a public school teacher, the expenses of the education undertaken by her in the year there in issue were not deductible since such education qualified her for a position as a public school teacher. The Circuit Court reversed, stating that as properly interpreted respondent's regulations considered all teaching positions as one trade or business. The Circuit Court concluded that the taxpayer's educational expenses were properly deductible *232 under the provisions of the regulations. In reaching its conclusion the Circuit Court stressed the fact that the taxpayer in the Toner case fully met the standards of her employer as a teacher and that she was a fully recognized member of the faculty with a vote in faculty affairs. Because the facts in Toner are clearly distinguishable from the facts in this case, neither our holding in Toner nor that of the Circuit Court is helpful in disposing of this case. Petitioner in the instant case has not shown that his work as a teacher was sufficiently extensive to place him in the trade or business of being a teacher. The facts are reasonably clear that as assistant band director at Wesson Elementary School (a public school) petitioner was merely a teacher's aide and did not have the status of a teacher. In any event he certainly did not meet the minimum requirements for a teacher of any type in the public elementary schools of Mississippi. Petitioner has not shown the minimum educational requirements of Brookhven Academy for a teacher or band director which were in effect when he was first employed by the academy. Since petitioner has not shown the minimum educational *233 requirements of Brookhaven Academy for a teacher or band director, it follows that he has failed to show that he met those minimum requirements when he first became employed at Brookhaven Academy. Section 1.162-5(b)(2)(i), Income Tax Regs., provides that "The fact that an individual is already performing service in an employment status does not establish that he has met the minimum educational requirements for qualification in that employment." Therefore the mere showing that peitioner was a band director at bookhaven Academy does not establish that he had met the minimum educational requirements for that position at Brookhaven Academy. Petitioner has also failed to show that he was a member of the faculty at Brookhaven Academy within the meaning of section 1.162-5(b)(2)(ii), Income Tax Regs.[6]
*234 Petitioner has not shown that he continued to be in the trade or business of teaching in the year here in issue if he was ever established in that occupation. On this record petitioner has totally failed to show that he is entitled to the claimed deduction for education expenses for any improvement such education might have made in his skills as a school band director or teacher. The primary occupation of petitioner in the years 1973 and 1974 was as a church Minister of Music. This was the only work in which petitioner was engaged in the year here in issue. Petitioner in 1975 was not required by his employer, the First Baptist Church of Ellisville, Mississippi, to obtain any further education in order to retain his position. Petitioner, however, contends that the courses he took in 1975 maintained and improved the skills required in his employment as a Minister of Music. The record is far from adequate in demonstrating how many of the courses pursued by petitioner in 1975, particularly the five advanced courses in trumpet, maintained or improved his skills as a Minister of Music. It is difficult to understand how these courses could have improved petitioner's skill as a church *235 Minister of Music since petitioner had studied trumpet for years prior to 1975 and had been sufficiently proficient in trumpet to play the trumpet in the Marine Band prior to entering college. On the basis of this record petitioner has failed to show a proximate relationship between many of the courses he took in 1975 and his work as a Minister of Music. However, it does appear from the names of some of the music courses which petitioner took in 1975, such as voice, conducting, and recital, and petitioner's description of his duties as a Minister of Music, that the educational received from taking some of the courses he took in 1975 might well have improved the skills required of petitioner in his employment as a Minister of Music. Although the record is minimal as to the relationship of the courses petitioner took to his work as a Minister of Music, we conclude that some but not all of the courses he took in 1975 did improve his skills required in that position. However, in our view petitioner is not entitled to the portion of the claimed deduction for educational expenses allocable to the courses which improved his skills as a Minister of Music because the amounts expended by him *236 in 1975 were for education which was required to meet the minimum standards necessary for a trade or business of a teacher of music in public schools or for a band director in a junior college in Mississippi. The record shows that when petitioner received his B.M. degree he was entitled to obtain a one-year teaching permit from the Mississippi State Department of Education and probably would have been qualified to be a band director in a junior college. At least petitioner has failed to show that the course of study he was pursuing would not have qualified him for such a new trade or business. It is petitioner's position that it was his intent to remain in church music and that it was his purpose in taking the courses he took not only in the year 1975, which is here in issue, but in other years "to become a well-educated church music director." Petitioner pointed to the fact that had his purpose in taking the courses he took been to become a teacher in the Mississippi public school system, he would have taken a bachelor of music education degree and not a bachelor of music degree in applied music. However, whether petitioner in 1975 had any intention of becoming a music teacher *237 or band director in a public school or college is immaterial in determining whether the amounts he spent in pursuing his education at the University of Southern Mississippi are deductible. The regulations in effect prior to 1967 did place the determination of deductibility of amounts spent for education on the subjective intent of the person pursuing the education. However, the regulations in effect in the year here in issue which have been in effect since 1968 make such subjective intent immaterial. See Bodley v. Commissioner,56 T.C. 1357, 1360 (1971), and Burnstein v. Commissioner,66 T.C. 492, 495 (1976). Therefore, the question which we must determine in this case is whether the education undertaken by petitioner leading to a Bachelor of Music degree in applied music was part of a program of study being pursued by him which would lead to qualifying him in a new trade or business. The occupation of teaching is a different occupation from that of a Minister of Music in a church. On the basis of this record we conclude that the courses petitioner pursued in 1975 were a part of a program of study that would lead to qualifying petitioner in *238 the new trade or business of being a public school teacher or band director or band teacher in a junior college. Therefore, petitioner's educational expenses are nondeductible under section 1.162-5(b)(3), Income Tax Regs.
On the basis of the facts present in this record, we conclude that the amounts expended by petitioner in 1975 for courses he took at the University of Southern Mississippi and related travel are not deductible as educational expenses under the provisions of section 1.162-5, Income Tax Regs.
Decision will be entered for the respondent.
Footnotes
2. The following is a complete list of the courses taken by petitioner at the University of Southern Mississippi in the calendar year 1975: WINTER QUARTER 74-75
DEPT.
COURSE NO.
DESCRIPTIVE TITLE
CARRIED
APM
333
TRUMPET
1.0
MUS
232
HIS OF MUSIC
2.0
MUS
301
TWENTIETH CENT HARM
3.0
MUS
401
INSTRUMENTATION
3.0
SPRING QUARTER 74-75
APM
234
TRUMPET
2.0
APM
281
ORCHESTRA
1.0
APM
373
ENSEMBLE
1.0
MUS
233
HIS OF MUSIC
2.0
"MED" is the description for Music Education courses.
*↩ MED
301
VOICE CLASS
2.0
MED
333
CONDUCTING
1.0
SUMMER QUARTER 74-75
APM
281
ORCHESTRA
1.0
APM
332
TRUMPET
2.0
APM
370
RECITAL
1.0
MUS
446Q
INSTRUMENTAL LIT
2.0
MUS
447
INSTRUMENTAL LIT
2.0
MED
221Q
STRING CLASS
1.0
MED
421Q
WOODWIND CLASS
1.0
MED
425Q
BRASS CLASS
1.0
FALL QUARTER 75-76
APM
432
TRUMPET
2.0
APM
433
TRUMPET
1.0
APM
471
ENSEMBLE
1.0
APM
481
ORCHESTRA
1.0
MUS
202
ADV MUS THEORY
3.0
MUS
231
HIS OF MUSIC
2.0
MUS
321
COUNTERPOINT
2.0
MED
458
WIND PEDAGOGY
2.0
3. Petitioner at one time gave private music lessons, but has not since receiving his B.M. degree.↩
4. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect in the years involved. ↩
5. Sec. 1.162-5, Income Tax Regs., provides in part: Sec. 1.162-5 Expenses for education. (a) General rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains o improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulation, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation.
(b) Nondeductible educational expenditures--(1) In general. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. (2) Minimum educational requirements. (i) The first category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is required of him in order to meet the minimum educational requirements for qualification in his employment or other trade or business. The minimum education necessary to qualify for a position or other trade or business must be determined from a consideration of such factors as the requirements of the employer, the applicable law and regulations, and the standards of the profession, trade, or business involved. The fact that an individual is already performing service in an employment status does not establish that he has met the minimum educational requirements for qualification in that employment. Once an individual has met the minimum educational requirements for qualification in his employment or other trade or business (as in effect when he enters the employment or trade or business), he shall be treated as continuing to meet those requirements even though they are changed. (3) Qualification for new trade or business.↩ (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. For this purpose, all teaching and related duties shall be considered to involve the same general type of work.* * *
6. Sec. 1.162-5(b)(2)(ii), Income Tax Regs., states in part as follows: (ii) The minimum educational requirements for qualification of a particular individual in a position in an educational institution is the minimum level of education (in terms of aggregate college hours or degree) which under the applicable laws or regulations, in effect at the time this individual is first employed in such position, is normally required of an individual initially being employed in such a position. If there are no normal requirements as to the minimum level of education required for a position in an educational institution, then an individual in such a position shall be considered to have met the minimum educational requirements for qualification in that position when he becomes a member of the faculty of the educational institution. The determination of whether an individual is a member of the faculty of an educational institution must be made on the basis of the particular practices of the institution. However, an individual will ordinarily be considered to be a member of the faculty of an institution if (a) he has tenure or his years of service are being counted toward obtaining tenure; (b) the institution is making contributions to a retirement plan (other than Social Security or a similar program) in respect of his employment; or (c↩) he has a vote in faculty affairs.