ROBERT C. KERSEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kersey v. Commissioner
Docket No. 23601-92
United States Tax Court
T.C. Memo 1993-641; 1993 Tax Ct. Memo LEXIS 648; 66 T.C.M. (CCH) 1863; December 29, 1993, Filed *648 Robert C. Kersey, pro se. For respondent: Deidre James. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined a deficiency in petitioner's 1989 Federal income taxes in the amount of $ 5,339, plus a penalty under section 6662(a) in the amount of $ 1,068. After concessions by the parties, the issues for decision are: (1) Whether petitioner is entitled to a deduction of $ 6,400 for educational expenses incurred in 1989; and (2) whether petitioner is liable for the penalty under section 6662(a). Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of the filing of the petition herein, petitioner resided in Thousand Oaks, California. *649 Petitioner bears the burden of showing respondent's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). From 1969 to 1978, petitioner was employed by Prudential Insurance Co. Thereafter, until sometime in 1989, petitioner was employed by PPG Industries, Inc. (PPG) as a Territory Manager; as such, his responsibilities included market analysis, training and managing employees, and conducting seminars. While employed by PPG, petitioner received an associate of arts degree from Pierce College. After terminating his employment with PPG, petitioner worked as a real estate agent. Petitioner testified that his ultimate goal was to become a real estate broker and operate his own real estate brokerage business. Petitioner, as a real estate agent, was required by California law to complete certain course requirements within 18 months of receiving a conditional sales license. [2] *651 Furthermore, in order to become a real estate broker as petitioner intended, there were additional requirements under California law. [3] *652 Allegedly, to satisfy these requirements, petitioner transferred his credits from Pierce College and enrolled at *650 Pepperdine University (Pepperdine) in a program which would lead to a bachelor of science degree in management. [4] In 1991, petitioner received a bachelor of science degree in management from Pepperdine and began working for AT&T. [5]
Petitioner claimed a deduction on his 1989 return for tuition and related expenses associated with attending Pepperdine. Petitioner contends that he is permitted to deduct the claimed expenses incurred in attending Pepperdine because some of the courses were required by State law for licensed real estate agents and the courses directly related to and enhanced his skills in the performance of his employment. Petitioner also contends that the courses did not qualify him for a new trade or business, as he was already engaged in "business management" prior to enrolling at Pepperdine. Respondent asserts that the educational courses did qualify petitioner for a new trade or business, and, therefore, the educational expenses are nondeductible personal expenses. Section 162 allows a deduction *653 for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Although this section does not explicitly mention expenditures for education, section 1.162-5, Income Tax Regs., provides objective tests for determining whether such expenditures are deductible. Diaz v. Commissioner, 70 T.C. 1067, 1072-1073 (1978); Taubman v. Commissioner, 60 T.C. 814, 817 (1973). Generally, this regulation provides that educational expenses are deductible if the education maintains or improves the skills required by the individual in his or her employment or other trade or business or meets the express requirements of the employer or applicable law. Sec. 1.162-5(a), Income Tax Regs. However, under section 1.162-5(b)(3), Income Tax Regs., if a taxpayer is pursuing a course of study that will qualify him or her for a new trade or business, the expenditures are not deductible even though the studies are required by the employer or applicable law, even though the taxpayer does not intend to enter the new field of endeavor, and even though the taxpayer's duties are not significantly different *654 after the education from what they had been before the education. If the education qualifies the taxpayer to perform significantly different tasks and activities than could be performed prior to the education, the education qualifies the taxpayer for a new trade or business. Glenn v. Commissioner, 62 T.C. 270 (1974); Weiszmann v. Commissioner, 52 T.C. 1106 (1969), affd. 443 F.2d 29 (9th Cir. 1971). It is difficult, if not impossible, for a taxpayer to satisfy the requirements of the Code and regulations in order to obtain a deduction for expenses incurred in attaining a bachelor's degree. Malek v. Commissioner, T.C. Memo. 1985-428. Such degrees generally qualify the graduate for a new trade or business in some field, and that field would not necessarily be in the same area as was previously engaged in. In Carroll v. Commissioner, 51 T.C. 213, 216 (1968), affd. 418 F.2d 91 (7th Cir. 1969), we stated: A general college education, such as that undertaken by the petitioner, may not be as clearly a personal *655 expense as an elementary education, but it seems to us that both are essentially the same type of expense. Millions of people must secure a college education before they commence their life's employment, and it is generally accepted that obtaining such education is a personal responsibility in preparing for one's career. Should the result be any different for the man who goes to college after commencing work? Though his perseverance is to be admired, we do not believe that he should receive tax deductions not available to those who complete their college preparation before beginning their career.
Thus, although the courses may have improved skills necessary in petitioner's business, they also qualified him for other trades or businesses in which a bachelor's degree is required. Moreover, the specific courses required by California State law for petitioner's real estate agent license also qualified petitioner for the trade or business of a real estate broker. [6] *656 Accordingly, we sustain respondent on this issue. [7]
Section 6662(a) and (b)(1) imposes a penalty on any portion of an underpayment which is attributable to negligence or disregard of rules and regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the Internal Revenue Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Petitioner has the burden of proof on this issue. Rule *657 142(a). Based on this record, we hold that petitioner is liable for the penalty under section 6662(a). To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Cal. Bus. & Prof. Code secs. 10153.3 and 10153.4 (West 1987) provide as follows: Sec. 10153.3. Educational requirements of applicants for taking the examination for a real estate salesperson license; waiver In order to take an examination for a real estate salesperson license after January 1, 1986, an applicant shall submit evidence, satisfactory to the commissioner, of successful completion, at an accredited institution, of a three-semester unit course, or the quarter equivalent thereof, in real estate principles.
Sec. 10153.4. Educational requirements for real estate salesperson license prior to issuance or within 18 months thereafter; suspension for noncompliance; notice on license; waiver (a) Every person who is required to comply with Section 10153.3 to obtain an original real estate salesperson license shall, prior to the issuance of the license, or within 18 months after issuance, submit evidence, satisfactory to the commissioner, of successful completion, at an accredited institution, of two of the courses listed in Section 10153.2↩, other than real estate principles, advanced legal aspects of real estate, advanced real estate finance, or advanced real estate appraisal.
3. Cal. Bus. & Prof. Code sec. 10153.2 (West 1987) provides as follows: Sec. 10153.2. Educational requirements of applicants for real estate broker's license; waiver; credit for other courses (a) An applicant to take the examination for an original real estate broker license shall also submit evidence, satisfactory to the commissioner, of successful completion, at an accredited institution, of: (1) A three-semester unit course, or the quarter equivalent thereof, in each of the following: (A) Real estate practice. (B) Legal aspects of real estate. (C) Real estate appraisal. (D) Real estate financing. (E) Real estate economics or accounting. (2) A three-semester unit course, or the quarter equivalent thereof, in any of the following: (A) Advanced legal aspects of real estate. (B) Advanced real estate finance. (C) Advanced real estate appraisal. (D) Business law. (E) Escrows. (F) Real estate principles. (G) Property management. (H) Real estate office administration. (3) On and after January 1, 1986, an applicant shall submit evidence of successful completion of each of the courses listed in paragraph (1) and any three of the courses listed in paragraph (2).↩
4. During 1989, petitioner was enrolled in Accounting, Organizational Behavior, Managing Organizations, Statistical Methods and Research Design, Legal Environment of Business, and Managerial Economics.↩
5. It is not clear from this record whether a bachelor's degree was a prerequisite to employment with AT&T.↩
6. Significant differences exist in the tasks and activities that a California real estate broker and California real estate agent may perform. These differences are evidenced by the requirement under California law that special classes be taken by an individual desiring to obtain a broker's license. Cal. Bus. & Prof. Code sec. 10153.2 (West 1986). Since more stringent requirements exist under California law for becoming a real estate broker than for becoming a real estate agent, it follows that a California real estate broker can hold himself out to the public as having a higher degree of skill and competence. Johnson v. Commissioner, 77 T.C. 876 (1981). In addition to the educational and licensing requirement differences, other differences exist as well. See Cal. Bus. & Prof. Code sec. 10132↩ (West 1987), which requires that a real estate salesperson be employed by a licensed real estate broker.
7. At trial, petitioner cited several cases. After reviewing such cases, we find that they are not applicable to the instant case. Toner v. Commissioner, 623 F.2d 315 (3d Cir. 1980), revg. 71 T.C. 772 (1979), and Schwerm v. Commissioner, T.C. Memo. 1986-16, deal with teachers and the language of sec. 1.162-5(b)(3)(i), Income Tax Regs., which provides that "all teaching and related duties shall be considered to involve the same general type of work." Clearly, petitioner is not a teacher. Moreover, Browne v. Commissioner, 73 T.C. 723↩ (1980), supports respondent's determination.